IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JENO DEWAYNE JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 5:08cv159 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER PARTIALLY ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jeno Dewayne Jackson, an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Both parties filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections. After careful consideration, the Court is of the opinion that the objections filed by petitioner are without merit. Petitioner has failed to demonstrate that his petition was timely filed.

In her Report and Recommendation, the Magistrate Judge concluded petitioner's conviction became final on June 30, 2006, 30 days after the date on which the intermediate appellate court dismissed petitioner's appeal. In his objections, the respondent asserts that as the intermediate appellate court dismissed the appeal as being untimely filed, the conviction became final on November 28, 2005, 30 days after the date on which sentence was imposed and the date on which the time for filing a notice of appeal expired.

The resolution of this point has no effect on the outcome of this matter. The current petition is untimely whether the conviction became final on November 28, 2005, or June 30, 2006. However, in light of *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir,. 2008), the Court must conclude petitioner's conviction became final on November 28, 2005, the date on which the time for filing a notice of appeal expired. The fact that petitioner subsequently filed an appeal that was dismissed as untimely had no effect on when his conviction became final.

## ORDER

Accordingly, petitioner's objections are **OVERRULED** and the respondent's objections are **SUSTAINED**. The report of the Magistrate Judge is **ADOPTED** as the opinion of the Court except insofar as the Report and Recommendation states petitioner's conviction became final on June 30, 2006. The Court concludes the conviction became final on November 28, 2005. A final judgment shall be entered dismissing the petition.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are barred by the applicable statute of limitations is subject to debate. The factual and legal questions raised by

petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 2nd day of August, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE